# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fif h Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

No. 16-10858
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ALBERTO MUNIZ-MONSIVAIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CR-3-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Luis Alberto Muniz-Monsivais received a 36-month, above-Guidelines term of imprisonment and a three-year term of supervised release after pleading guilty to illegally reentering the United States following deportation. He argues that his prison sentence is substantively unreasonable. Our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10858

In fashioning its sentence, the district court permissibly took into account Muniz-Monsivais's prior convictions for illegally entering the country and his history of prior removals and reentries. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Despite Muniz-Monsivais's protestations that his criminal history was not unusual, extraordinary circumstances are not required to justify an above-Guidelines sentence. *Id.* (citing *Gall*, 552 U.S. at 47). Although Muniz-Monsivais disputes the court's determination that he lacked respect for the law, his history of illegally returning to the country after being deported supports this finding. *See id.*

Although the district court imposed a sentence 15 months higher than the top end of the Guidelines range, that court was in the best position to judge Muniz-Monsivais and the circumstances of the offense. *See United States v. Williams*, 517 F.3d 801, 812–13 (5th Cir. 2008). The district court tied the reasons for its sentence to specific facts, particularly Muniz-Monsivais's history of removals and illegal reentries and his lack of respect for the laws of the United States. The court made an individualized assessment and was free to conclude as it did that, in Muniz-Monsivais's case, the Guidelines range gave insufficient weight to some of the sentencing factors, including the seriousness of the offense, Muniz-Monsivais's history and characteristics, the need to promote respect for the law, the need to protect the public, and the need to deter Muniz-Monsivais from engaging in future criminal conduct. *See* 18 U.S.C. § 3553(a); *Williams*, 517 F.3d at 809. Nothing suggests that the district court did not account for a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

AFFIRMED.